IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

AMMON RA SUMRALL,

    Plaintiff,

VS.

                                1 : 10-CV-128 (WLS)

OFFICER HARRIS, et al.,

    Defendants.

**ORDER AND RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is a Motion to Dismiss filed by Defendants King and Koontz. (Doc. 13). The Plaintiff filed this action on September 27, 2010, raising allegations regarding his confinement at Autry State Prison in October and November 2009. (Doc. 1). Plaintiff alleges that Defendants King and Koontz retaliated against the Plaintiff for the filing of grievances, by issuing a false disciplinary report against Plaintiff and placing him in lockdown. *Id.*

Defendants King and Koontz have filed a Motion to Dismiss, alleging that Plaintiff has failed to exhaust administrative remedies in regard to his claims of retaliation. (Doc. 13). Plaintiff's Motion for Extension of time to file a response to this Motion to Dismiss is **DENIED** as moot, inasmuch as the Plaintiff subsequently filed a timely response. (Docs. 19, 26).

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

> plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the Prison Litigation Reform Act ("PLRA") mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper. Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal', he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the

2

> plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.
> *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in the Defendants' motion and the Plaintiff's response reveals a conflict. Plaintiff asserts that he filed an informal and a formal grievance regarding his retaliation claims, but that he has never received any response to the formal grievance from the prison system. (Doc. 26). Defendants King and Koontz assert that although Plaintiff filed an informal grievance regarding the retaliation claims, he did not file a formal grievance and thus failed to exhaust these claims. (Doc. 13). Accepting Plaintiff's allegations as true, Plaintiff's claim is not subject to dismissal pursuant to the first step of the *Turner* analysis. In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

The Defendants establish, by means of the affidavit testimony of Sakita Ross, the Grievance Coordinator at Autry State Prison, that a grievance system was in place at Autry State Prison at the time of the incidents underlying this lawsuit. (Doc. 13-2). The Defendants contend, supported by the affidavit testimony of Ms. Ross, that Plaintiff failed to file a formal grievance regarding the retaliation claims underlying this lawsuit. *Id.* at ¶¶ 17, 18. According to the Defendants, Plaintiff filed two (2) informal grievances on November 22, 2009, challenging the actions of Defendants King and Koontz in filing a disciplinary report against Plaintiff and having him confined to lockdown status. (Doc. 13-2, ¶¶ 17, 18). The second of the two (2) informal grievances was rejected as a duplicate of the first. (Doc. 13-9). After prison officials

3

were unable to resolve the informal grievance with the Plaintiff, prison officials issued Plaintiff a formal grievance form. (Doc. 13-8, p. 6). According to the grievance records produced by the Defendants, Plaintiff never filed a formal grievance in regard to his retaliation claims against them.

In response to the Defendants' Motion to Dismiss, the Plaintiff asserts that he did file a formal grievance regarding the retaliation claims, and cites to a formal grievance number and the alleged contents of this formal grievance. (Doc. 26-1, ¶ 7). Plaintiff contends that he "mailed" the formal grievance to the Grievance Coordinator on December 15, 2009, but never received a response. *Id.* Plaintiff further asserts that prison officials later told him that his grievance had been sent to Internal Affairs. *Id.* at ¶ 8.

Defendants King and Koontz point out that the Plaintiff did file formal grievances regarding other claims, subsequent to the filing of his informal grievances for the retaliation claims. (Doc. 13-2, ¶¶ 22-26). The filing of these subsequent grievances evidences Plaintiff's awareness and utilization of the grievance procedure at the prison. *See Gould v. Donald*, 2009 WL 1606520 *5 (M.D.Ga) (CDL) (plaintiff was well aware of prison grievance policy as he had filed multiple grievances while imprisoned in Georgia prison system). By means of the affidavit testimony of Deputy of Warden of Care and Treatment at Autry State Prison Angela Williams, the Defendants establish that Plaintiff was not told that his retaliation grievance had been forwarded to Internal Affairs, but was informed that grievances concerning use of force were immediately forwarded to Internal Affairs. (Doc. 28-1, ¶¶ 17, 8).

Upon review of the evidence submitted as to exhaustion of Plaintiff's retaliation claims, the Court finds that the Defendants have established that the Plaintiff failed to complete the administrative grievance process, and the Plaintiff has failed to rebut this showing. Although the

Plaintiff contends that he did in fact file a formal grievance on the retaliation claims, he has not produced any documentary evidence of this formal grievance, other than his own statement that such a formal grievance was forwarded to prison authorities.

Moreover, in order to demonstrate that administrative remedies were unavailable, the Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process. *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmate was not required to file an appeal after being told unequivocally, and in writing, that appeal was precluded; plaintiff produced memorandum denying grievance and informing plaintiff that no appeal was available); *Turner*, 541 F.3d at 1085 (prison official's serious threats of retaliation against an inmate for pursuing a grievance render administrative remedies unavailable). Herein, there is no indication that Plaintiff's access to the grievance processes was prohibited by prison officials, by means of threat or otherwise.

The Court finds that the Plaintiff has not exhausted the retaliation claims underlying this lawsuit, in that, he has not utilized available remedies to grieve the alleged offenses of Defendants King and Koontz. The affidavit testimony in support of Defendants King and Koontz's Motion to Dismiss establishes the presence of a grievance system at Autry State Prison and establishes that the Plaintiff failed to exhaust the grievance system regarding the events in question during his confinement at Autry State Prison. The evidence before the Court shows that Plaintiff did not properly pursue and exhaust the grievance procedure, leaving administrative remedies unexhausted. The PLRA "requires proper exhaustion". *Woodford*, 548 U.S. at 92. In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must comply with any administrative "deadlines and other critical procedural rules" in place. *Id.* The Court finds that the Defendants have met their burden to establish that the

Plaintiff failed to exhaust his administrative remedies.

Accordingly, it is the recommendation of the undersigned that Defendants King and Koontz's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED AND RECOMMENDED**, this 30th day of June, 2011.

*s/ THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb