**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| AMMON RA SUMRALL, | : |
| Petitioner, | : |
| v. | : CASE NO.: 1:10-CV-128 (WLS) |
| OFFICER HARRIS, *et al.,* | : |
| Respondents. | : |

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed June 30, 2011. (Doc. 35). It is recommended that Petitioner's civil rights complaint under 42 U.S.C. § 1983 be dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. (Id) Petitioner alleges that prison officials retaliated against Petitioner by issuing a false disciplinary report against Petitioner. (Id.)

Judge Langstaff recommends that Respondents' Motion to Dismiss (Doc. 13) be **GRANTED**, and Petitioner's Complaint be dismissed as to Petitioner's retaliation claims. (Doc. 35). Petitioner timely filed an Objection to the Report and Recommendation (Doc. 42) and Respondents filed a Response (Doc. 44). For the following reasons, the objections set forth in Petitioner's Objection (Doc. 42) are **OVERRULED**. The Court **ADOPTS** United States Magistrate Judge Langstaff's June 30, 2011 Report and Recommendation recommending that the Court grant Respondents' Motion to Dismiss (Doc. 13). The Report and Recommendation (Doc. 42) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.

1

## BACKGROUND

Petitioner filed this action on September 27, 2010. (Doc. 1). Petitioner claims that Respondents both used unlawful force against him and retaliated against him after he filed a grievance regarding the unlawful force. (Doc. 1 at 8-9). Respondents filed a Motion to Dismiss on December 14, 2010. (Doc. 13). Respondents' Motion addressed only Petitioner's claims of retaliation. (Doc. 13-1 at 2). On June 30, 2011, Judge Langstaff issued his Report and Recommendation recommending that the Court grant Respondents' Motion to Dismiss (Doc. 13). (Doc. 35). On July 14, 2011, Petitioner filed an objection to the Report and Recommendation. (Doc. 42). Respondents filed a response to Petitioner's Objection on August 1, 2011. (Doc. 22).

## DISCUSSION

Petitioner is currently serving a life sentence in Autry State Prison in Pelham, Georgia. (Doc. 1). Petitioner alleges that Respondents injured him when he failed to properly respond during a prison lecture. (Doc. 1). Following the beating, Petitioner alleges that Respondents retaliated against Petitioner after he filed a grievance against the officers that allegedly used undue force. (Id.) In response, Respondents argue that Petitioner failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"). (Doc. 13). Upon review of the record, the Court agrees with Judge Langstaff and Respondents and finds that Petitioner failed to exhaust his administrative remedies. (Docs. 13 and 35).

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires "proper exhaustion of

administrative remedies," and a prisoner cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2387-93 (2006).

Under the PLRA, "exhaustion is mandatory" and "unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Courts "have no discretion to waive this exhaustion requirement," and thus "[p]risoners must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures before filing a federal claim." Bryant v. Rich, 530 F.3d 1368, 1373 (11th Cir. 2008) (citing Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998) and quoting Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005)). Additionally, "prisoners must 'properly take each step within the administrative process,'" from filing an initial grievance to appealing the denial thereof. Id. (quoting Johnson, 418 F.3d at 1158).

The facts before the Court support a finding that the Petitioner did not exhaust his administrative remedies before filing his 42 U.S.C. § 1983 suit, as required by 42 U.S.C. § 1997e(a). Exhaustion requires that "when a state provides a grievance procedure for its prisoners ... an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000). In determining whether a prisoner exhausted his administrative remedies, a district court need not evaluate the effectiveness of the remedy, but whether a remedy was available. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). In this case the remedy was available to Petitioner.

The Georgia Department of Corrections has an established inmate grievance procedure, which Petitioner failed to follow. The procedure requires that an inmate file a formal grievance,

3

and following the denial of that grievance, a formal appeal prior to initiating suit in federal district court, and here there is no evidence that Petitioner completed a Formal Grievance or undertook any formal appeal. Here, Respondents "bear the burden of proving that the petitioner has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008).

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." Tuner, 541 F.3d at 1082. A court must first "look[] to the factual allegations in the Respondent's motion to dismiss and those in the Petitioner's response, and if they conflict, take[] the petitioner's version of the facts as true." (Id.) "If the complaint is not subject to dismissal at the first step, where the Petitioner's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." (Id.) "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." (Id. at 1083.)

In his Report and Recommendation, Judge Langstaff properly applied steps one and two of the two-step process described in Turner. (Doc. 35 at 3-4). Judge Langstaff found, as set forth in Petitioner's pleadings, that Petitioner failed to file a formal grievance regarding the alleged retaliation. (Doc. 35 at 3). Judge Langstaff's findings were based, in part, on Petitioner's history which includes the successful filing of several grievances. (Doc. 35). Petitioner objects to Judge Langstaff's Report and Recommendation (Doc. 42).

The Court is aware that, in its most basic form, "[a] remedy has to be available before it must be exhausted."[1] Turner v. Burnside, 541 F.3d 1077, 1084 (11th Cir. 2008) (holding that

---

[1] Similarly, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "there is the possibility of at least some kind of relief." Sims v. Holloway, No. CV 310-037, 2011 WL

4

and that "[r]emedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available"). Regarding this point, Petitioner does not allege that he was prevented from following proper procedure to complete the grievance process. As Judge Langstaff found, "the evidence before the Court shows that Petitioner failed to exhaust the grievance system regarding the events in question during his confinement at Autry State Prison." (Doc. 35 at 5).

In his Objection, Petitioner argues that the facts before the Court show that he completed the administrative grievance process and that Respondents failed to rebut his showing. (Id.) Petitioner alleges that the affidavits provided by Respondents are insufficient to show that he did not file a grievance. (Doc. 42). For example, Petitioner states that affiant Benjie Nobles, Counselor at the Bainbridge Probation Substance Abuse Treatment Center, "does not deny" receiving the grievance. (Id. at 2, *see* Doc. 28-2, Aff. of Benjie Nobles ). Even when considered in the light most favorable to Petitioner, the Court must reject Petitioner's argument. Here, there is also an undisputed, sworn statement by Sakita Ross, Grievance Coordinator at Autry State Prison, stating that Petitioner failed to file a formal grievance. (Doc. 13-2 at ¶ 17). Affiant Ross admits that Petitioner filed an informal grievance alleging that "[Respondents] wrote a false disciplinary report against him in retaliation for his grievance filing stemming from an alleged beating," however, the evidence before the Court shows that Petitioner failed to follow the proscribed procedures in the administrative process and file a formal grievance. (Id.) Despite the evidence to the contrary, Petitioner states that he did, in fact, file a formal grievance. (Id. at 4). The Court does not wish to referee a "swearing match" between prison officials and Petitioner. (*See* Doc. 42 at 6).

---

3160907 (S.D. Ga. June 17, 2011) (internal citation omitted). Likewise, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." (Id.)

5

Such factual determinations regarding exhaustion (or lack thereof) under § 1997e(a) often pose problems for the district courts. As a general rule, "[i]ssues of credibility and the weight afforded to certain evidence are determinations appropriately made by a finder of fact and not a court deciding summary judgment." *See* Bryant v. Rich, 530 F.3d 1368, 1373 (11th Cir. 2008). Here, the Court concludes that Petitioner's argument that he was summarily denied access to the administrative grievance procedure fails. In this instance, Petitioner relies entirely upon his own unsworn, self-serving accusations as found in his Complaint, Responses and Objections. *See* Docket. Thus, the Court finds that Petitioner has not demonstrated upon the Record that any Respondents prevented or inhibited him from exhausting administrative remedies prior to filing suit to the extent that the Court, upon a reasonable review of the Record, credits his allegations. Petitioner was required to present specific facts showing that prison staff inhibited him from utilizing the grievance process. Petitioner cannot show that administrative remedies were "unavailable" simply by making a blanket allegation without any supporting evidence in view of affidavits from those familiar with the process and access to relevant documentation. There exists sworn evidence presented by Respondents that shows Petitioner failed to file a formal grievance. Petitioner has failed to provide any supporting evidence for his claim that outweighs that of Respondents. More specifically, Petitioner has failed to provide particular facts showing that prison staff inhibited him from utilizing the grievance procedure or that a formal grievance was in fact filed. A simple reference to a purported grievance number, without more is insufficient in view of the relevant evidence. Plaintiff failed to exhausted his administrative remedies and comply with the requirements of § 1997e(a).

## **CONCLUSION**

The Court finds that Petitioner's Objection (Doc. 42) fails to rebut the legally sound recommendation of Judge Langstaff. For the foregoing reasons, the objections set forth in Petitioner's Objection (Doc. 42) are **OVERRULED** and United States Magistrate Judge Langstaff's June 30, 2011 Report and Recommendation (Doc. 35) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Petitioner's civil rights complaint under 42 U.S.C. § 1983 is **DISMISSED** as to his retaliation claims based on Petitioner's failure to exhaust his administrative remedies before filing his 42 U.S.C. § 1983 suit, as required by 42 U.S.C. § 1997e(a). Respondents' Motion to Dismiss (Doc. 13) is **GRANTED.**

**SO ORDERED**, this  23rd  day of September, 2011.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**