IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| AMMON RA SUMRALL, | : |
| Plaintiff, | : |
| VS. | : |
| | :    **1 : 10-CV-128 (WLS)** |
| OFFICER HARRIS, et al., | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are a Motion for Summary Judgment filed by the Defendants (Doc. 36), and Plaintiff's Motion for the Court to order Defendants to respond to Plaintiff's requests for admission. (Doc. 39). The Plaintiff filed this action on September 27, 2010, raising allegations regarding his confinement at Autry State Prison in October and November 2009. (Doc. 1). The Court notified the Plaintiff of the filing of the Defendants' summary judgment motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order. (Doc. 41). Plaintiff filed a timely response on August 5, 2011. (Doc. 45). By Order dated September 23, 2011, the Court granted a Motion to Dismiss filed on behalf of Defendants Koontz and King, and thereby dismissed Plaintiff's retaliation claims against Defendants Koontz and King. (Doc. 47). Thus, only Defendants Harris, Hart, Taylor and White remain herein.

### Background

Plaintiff's claims arise out of events occurring during his incarceration at Autry State Prison ("ASP"). According to his Complaint, Plaintiff was transferred to ASP on October 27, 2009, and

underwent an introductory session wherein ASP Correctional Emergency Response Team (CERT) members recited the prison rules. One of these rules required prisoners to answer "Sir, yes, sir" in a loud voice whenever addressed by a staff member. At some point, CERT members became unsatisfied with Plaintiff's responses and escorted him to another room. Plaintiff maintains that he was slapped on the head from behind, and that when he asked why he had been hit, Defendant Harris hit Plaintiff on the chin, knocking Plaintiff to the ground, where Defendants Harris and Hart "converged" on him. Plaintiff ran out of the room and was then taken to the ground by Defendants Taylor and White. Plaintiff maintains that Defendants Harris, Hart, Taylor and White dragged Plaintiff back inside the room and beat, punched and kicked the Plaintiff in his head, back and lower body. Plaintiff asserts that he lost consciousness during the beating, and was ordered to get up by Defendant Taylor when he regained consciousness. Defendant Taylor directed Plaintiff to wash the blood off of his face, told Plaintiff not to discuss the incident with anyone, and gave the Plaintiff a new shirt. Plaintiff was taken to a nurse approximately an hour after the incident, as part of the routine intake procedure. Plaintiff did not discuss the beating with the nurse, out of fear of reprisal by the Defendants. Plaintiff requested medical attention later that day but was not taken to see medical staff until the next day. Plaintiff ultimately was examined by a physician, who ordered x-rays, and provided Plaintiff pain medication.

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the **A**court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.**@** Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information,

>affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

The party moving for summary judgment has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it" Fed.R.Civ.P. 56(e)(3). Defendants Harris, Hart, Taylor and White assert that they are entitled to qualified immunity on Plaintiff's claims of excessive force, and that his claims of excessive force are "blatantly contradicted by the record", entitling them to summary judgment.

*Excessive force*

The Eighth Amendment forbids cruel and unusual punishment, and this prohibition governs "the treatment a prisoner receives in prison and conditions under which he is confined." *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core

judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). "[A]nalysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: 'the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.'" *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996) (quoting *Hudson*, 503 U.S. at 5). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1500 (11th Cir. 1985) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

"To establish a claim for excessive force, the Plaintiff must show that (1) the Defendants acted with a malicious and sadistic purpose to inflict harm and (2) that a more than *de minimis* injury resulted." *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002). The Supreme Court has recently clarified that "[t]he 'core judicial inquiry' . . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010) (quoting *Hudson*, 503 U.S. at 7). Although the extent of any injury is not alone dispositive of an excessive force case, it is "one factor that may suggest 'whether the use of force

could plausibly have been thought necessary=in a particular situation.@  *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321).

In arguing that they are entitled to the entry of summary judgment in regard to the Plaintiff=s claim of excessive force by Defendants Harris, Hart, Taylor and White, the Defendants have submitted affidavits from the Defendants, a prison physician and other prison officials, and portions of the Plaintiff=s prison medical records.  (Docs. 37-1 – 37-6).  Defendants=affidavit testimony establishes that Defendants Harris, Hart, Taylor, and White have little or no actual memory of the events of October 27, 2009, but that each is certain he did not hit or kick the Plaintiff "because [he has] never treated an inmate in that manner.  To the best of [each Defendant's]knowledge, none of the other CERT officers hit or kicked Inmate Sumrall either."  (Docs. 37-2 ¶ 6, 37-3 ¶ 5, 37-5 ¶ 5, 37-6 ¶ 5).  Dr. Edward Aikens, Medical Director at ASP, states in his affidavit that he examined the Plaintiff following the alleged use of force and found a "few scratches, but [Plaintiff] did not exhibit the kinds of bruising and lacerations I would expect to see on someone who had been subjected to significant violence.  I did not see any boot prints or fist prints . . . [and] x-rays showed no fractures [to the ribs] and no other signs of violence such as a collapsed lung."  (Doc. 37-1, ¶¶ 5-7).

In response to the Defendants=summary judgment motion, the Plaintiff has provided his own sworn statement, sworn statements from other inmates, and portions of his medical records.  (Doc. 45 and attachments).  Plaintiff=s sworn statement asserts that Defendants Harris, Hart, Taylor and White hit and kicked the Plaintiff, unprovoked and with no resistance offered by the Plaintiff, although Plaintiff does testify to acting as though he was going to "throw a punch" and running away at one point during the altercation.  (Doc. 45-1, Plaintiff's affidavit, ¶ 5).  Plaintiff=s medical records show that he underwent a medical assessment for use of force following

5

the October 27, 2009 incident, with findings of a scratch above the right eye, tenderness on his left side, and an abrasion to his left knee. (Doc. 37-1). Plaintiff was observed to "walk[] slightly bent over holding left side most of the time", and Plaintiff reported that he had been hit and kicked by prison officers. (Doc. 45-1, Exh. F). Treatment records further bear the indication that Plaintiff complained of left back pain,"[h]ad dark urine . . . [and] did have blood in underwear". (Doc. 45-1, Exh. G).

According to Plaintiff's version of the facts, Defendants beat and kicked him without provocation or reason. Under this set of facts, the Court cannot say that there are no genuine issues of material fact as to whether Defendants used excessive force against Plaintiff. This is not a situation wherein the Plaintiff's testimony of excessive force is "blatantly contradicted by the record", as in *Scott v. Harris*, 550 U.S. 372 (2007). In *Scott*, video tape evidence made it clear that Plaintiff's version of events was impossible. *Id.* Herein, Plaintiff's testimony of excessive force by the Defendants, coupled with the evidence that Plaintiff suffered some physical trauma, places Plaintiff's version of events squarely in conflict with that of the Defendants, rendering summary judgment inappropriate. "Because there is no objective evidence that 'blatantly' contradicts [the Plaintiff's] version [of the facts], the district court . . . [must] view[] the facts in the light most favorable to [the Plaintiff], the non-moving party." *Brown v. Passmore*, 2011 WL 4348330, at *3 (11th Cir.)  [Only] "to the extent that [Plaintiff's] version of the facts is clearly contradicted by the [evidence], such that no reasonable jury could believe it, [should the court] . . . not adopt his factual allegations." *Beshers v. Harrison*, 495 F.3d 1260, 1262 n.1 (11th Cir. 2007).

The Court notes that Plaintiff's injuries may prove to be *de minimis* in nature. However, as noted by the Supreme Court in *Wilkins*, "[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts."*Wilkins*, 130 S.Ct. at 1178. Although the Defendants'

affidavit testimony challenges the Plaintiff's version of events, and claims that the Defendants don't remember, but have never hit or kicked an inmate in the manner described, the ultimate resolution of this issue depends on a credibility determination properly decided by the trier of fact. Genuine issues of material fact remain as to the need for the use of force, the amount of force used and whether Defendants acted "maliciously and sadistically" to cause harm. Accordingly, Defendants' summary judgment motion must be denied as to Plaintiff's excessive force claims.

*Qualified immunity*

The Defendants also assert that they are entitled to the defense of qualified immunity. "Under the qualified immunity standard recently rearticulated by the Supreme Court in *Pearson v. Callahan*, --- U.S. ----, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), we are obliged to grant qualified immunity to a [defendant] officer unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was clearly established at the time of the incident." *Oliver v. Fiorino*, 586 F.3d 898, 905 (11th Cir. 2009).

"For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent.'" *Hope v. Pelzer*, 122 S. Ct. 2508, 2515 (2002) (quoting *Anderson v. Creighton*, 107 S. Ct. 3043 (1987)). "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances. . . Accordingly, . . . the salient question . . . is whether the state of the law [at the time of the events giving rise to the cause of action] gave [the defendants] fair warning that their [actions were] unconstitutional." *Id.* at 2516.

A defense of qualified immunity is generally unavailable in cases involving excessive force because the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation.  *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002) (citing *Hudson v. McMillian,* 503 U.S. 1 (1992))*; see also Fennel v. Gilstap*, 559 F.3d 1212, 1216-17 (11th Cir. 2009) ("For claims of excessive force in violation of the Eighth or Fourteenth Amendments, however, a plaintiff can overcome a defense of qualified immunity by showing only the first prong, that his Eighth or Fourteenth amendment rights have been violated.").   Viewing the facts in a light most favorable to the Plaintiff, the Plaintiff has set forth a violation of his Eighth Amendment rights, and thus, the Court finds that the Defendants are not entitled to qualified immunity as to Plaintiff's excessive force claims at this time.

## Conclusion

Inasmuch as genuine issues of material fact remain as to Plaintiff's claim of excessive force, it is the recommendation of the undersigned that Defendants' Motion for Summary Judgment be **DENIED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

*Plaintiff's Motion regarding discovery*

Plaintiff's Motion for the Court to order Defendants to respond to Plaintiff's requests for admission (Doc. 39) is **GRANTED**.   The Defendants apparently did not serve a timely objection to Plaintiff's requests for admission, served within the extended discovery period, as being served without sufficient time remaining in the discovery period for Defendants to respond, and Defendants did not file a motion for a protective order in regard to Plaintiff's requests.   Therefore,

Defendants are **ORDERED** to either admit or deny each of Plaintiff's requests for admission, without objection, **within twenty-one (21) days** of the date of this Order.   Although the Court is granting Plaintiff's Motion regarding discovery, no expenses shall be awarded on this basis, as Plaintiff is proceeding *pro se*, and other circumstances make an award of expenses unjust. Fed.R.Civ.P. 37(a)(5)(A).

**SO ORDERED and RECOMMENDED**, this 19th day of July, 2012.

*s/ THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb