**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| AMMON RA SUMRALL, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:10-CV-128 (WLS) |
| OFFICER HARRIS, *et al.*, | : |
| Respondents. | : |

## **ORDER**

Before the Court is a Recommendation (Doc. 53) from United States Magistrate Judge Thomas Q. Langstaff, filed July 19, 2012. In his Complaint, brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants used unlawful force against him and retaliated against him after he filed a grievance regarding the unlawful force. (Doc. 1 at 8-9). Defendants moved to dismiss the retaliation claim and moved for summary judgment on Plaintiff's unlawful force claims. (Docs. 13 and 36). Plaintiff's retaliation claim was dismissed by this Court by Order dated September 23, 2011. (Doc. 47). As to the unlawful force claims against Defendants Paul Harris, Carl Hart, Michael Taylor and Jason White, Judge Langstaff recommends that Defendants' Motion for Summary Judgment be denied. (Doc. 53). Per Judge Langstaff, summary judgment is not proper here because, under the proffered facts, it cannot be said that there are no genuine issues of material fact as to whether Defendants used excessive force against Plaintiff. (*Id.* at 6).

Defendants timely filed an Objection to the Report and Recommendation. (Doc. 54). Therein, Defendants contend that Plaintiff's medical records-which show only

1

minor injuries inconsistent with the kind of beating described by Plaintiff-demonstrate that "no rational trier of fact could find in Plaintiff's favor because his claim is too implausible." (*Id.* at 3).  This Court disagrees and finds that, for the following reasons, it **ACCEPTS** Judge Langstaff's Recommendation.

Per this Court's review of Defendants' Motion for Summary Judgment, Plaintiff's Complaint and brief submitted in opposition to Defendants' Motion, the issue is whether Plaintiff's claim of excessive force is "blatantly contradicted by the record."  In a qualified immunity case supported by an evidentiary record, in order to prevail on a motion for summary judgment, the moving party has to show that the opposing side's version of the story is so "blatantly contradicted by the record," that no reasonable jury could believe it, thereby meaning that the Court should not adopt that version of the facts for the purpose of ruling on summary judgment.  *See Beshers v. Harrison*, 495 F.3d 1260, 1262 n.1 (11th Cir. 2007) (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007)).  Here, pointing to the medical records that indicate that Plaintiff suffered from at least "some physical trauma," Judge Langstaff found that said evidence puts "Plaintiff's version of events squarely in conflict with that of the Defendants, thereby rendering summary judgment inappropriate." (Doc. 53 at 6).

Defendants seem to rely on the *de minimus* nature of these findings to argue that the photos are not consistent with a severe beating and therefore could lead "no rational trier of fact" to find in favor of Plaintiff's claims.  (Doc. 54 at 3).  Per Defendants, the minor injuries "blatantly" contradict Plaintiff's specific allegation of having been beaten by four officers with repeated hard blows by fists and boots. (*Id.* at 2).  To this end, Defendants rely heavily on the opinion of their own Medical Doctor regarding the kinds of injuries he would "typically" see on an inmate who complains of subjection to

substantial violence.  (*See* Doc. 54 at 2; Doc. 37-1 § 4).

However, Judge Langstaff found that Plaintiff's claim of excessive force does find at least some support in the record when viewed on the whole.  (*See* Doc. 53 at 5-6, noting the treatment records, which show that Plaintiff, *inter alia*, complained of left back pain, dark urine, and blood in his underwear); *see also Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) ("In opposing summary judgment, the nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole.")  In requesting that the Court reject this finding, Defendants seem to be arguing that the Court should accept the Medical Doctor's statements regarding Plaintiff's allegations and what is *typically* seen in prisoners making similar allegations as opposed to what is stated in the records themselves.  Such acceptance would in essence be a credibility determination and during the summary stage, the Court is not at liberty to make such determinations.  *See Tipton*, 965 F.2d at 999 ("In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter.")  As observed by Judge Langstaff, the standard is whether Plaintiff's "version of the facts is clearly contradicted by the evidence, such that no reasonable jury could believe it." (Doc. 53 at 6) (quoting *Beshers*, 495 F.3d at 1262 n.1).

Here, this Court agrees that there is at least some evidence in the medical records to show that Plaintiff suffered *some* physical trauma from *some* altercation to create a genuine issue for trial.  Accordingly, this Court believes that it would be contrary to the spirit of *Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010), to allow a party to obtain summary judgment simply by arguing that the complaint of excessive force is belied by the lack of evidence of serious injury consistent with a physical altercation.  The Supreme Court in

3

*Wilkins* specifically rejected the idea that "the absence of 'some arbitrary quantity of injury' requires automatic dismissal of an excessive force claim.'" *Id.* at 1179. The "absence of serious injury" may be an issue for the trier of fact at trial in determining whether Plaintiff's allegation as to the amount of forced used is credible but it should not lead to a summary dismissal of a plaintiff's complaint. Especially here, where there is some evidence of injury consistent with Plaintiff's version of the facts.[1]

Moreover, as Judge Langstaff notes, even if there is only minimal evidence of injury, the "core inquiry" is "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." (Doc. 53 at 7). Because here, Defendants purport to have no memory of a physical altercation with Plaintiff but nevertheless contend that they have never hit or kicked an inmate in the manner described, there remain primary issues for the trier of fact to determine – which version of the events can be believed as to whether the physical altercation took place in the first instance. If the trier of fact determines that Plaintiff's version of the events can be believed, then the trier of fact would need to determine whether there was a need to use force, whether the amount of force used was "excessive" and whether Defendants acted "maliciously and sadistically" to cause harm. (Doc. 53 at 7). Thus, whether there is a genuine issue of fact does not turn solely on the existence of some specified quantity of objective evidence of injury.

Therefore, upon review and consideration, the objections set forth in "Defendants' Objections to the Magistrate Judge's Order and Recommendation on Their

---

[1] The Court does note that Defendants do not argue that there is *no* evidence of injury. (*See* Doc. 54). They simply argue that there are "no noticeable injuries" or "significant bruising" consistent with the type of beating of which Plaintiff complains. (*See id.* at 3). However, many of the injuries documented in Plaintiff's medical records appear to have an "internal" quality, which if believed, could be consistent with a physical altercation though not readily apparent in a photo.

4

Motion for Summary Judgment" (Doc. 54) are **OVERRULED**, and United States Magistrate Judge Langstaff's July 19, 2012 Recommendation (Doc. 53) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.

    **SO ORDERED**, this  5th  day of September, 2012.

                                      /s/ W. Louis Sands
                                      **THE HONORABLE W. LOUIS SANDS,**
                                      **UNITED STATES DISTRICT COURT**