IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| AMMON RA SUMRALL | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:10-CV-128 (WLS) |
| OFFICER HARRIS, et al., | : |
| Defendants. | : |

### **ORDER**

Presently pending before the Court is Plaintiff's request that the Court impose spoliation sanctions on Defendants for their failure to provide high resolution copies of the photographs taken of Plaintiff shortly after the October 27, 2009 incident giving rise to Plaintiff's Complaint. On May 9, 2013, the Court issued an order requesting that Warden Alan Carter of Autry State Prison take actions to locate the original photographs, or certify to the Court why said photographs have not been produced, along with a description of the steps and actions taken to locate the photographs.

On May 20, 2013, Warden Carter responded to the Court's order. (Doc. 118.) In his response, Warden Carter states that, in the normal course, photos taken with a digital camera are printed out and the digital data deleted after printing. ASP personnel searched the security office computer but no electronic versions of Plaintiff's photographs were found. Thus, Warden Carter states that there are no digital versions of the photographs. A search was also conducted to determine whether better quality photographs of Plaintiff existed elsewhere in the institution's file. None were found. ASP contacted the Department's Internal Investigations office and had them send to ASP their copy of the photographs—these copies were of no better quality.

1

Warden Carter states that "[i]t appears that when the photographs [of Plaintiff] were printed, the printer was low on ink or toner and no one thought to print out better copies later." The "original" copy of the printout was sent to the Attorney General's office and was later used to make the copies that were used as an exhibit to Plaintiff's deposition and that were delivered to Plaintiff's counsel. Warden Carter states that the "original" copy of the photograph "is of a very similar, but ever so slightly better, quality than the copies." Counsel for Defendants emailed a scan of the "original" to Plaintiff's counsel, and stated that the original will be made available for the parties' review and use at trial. Finally, Warden Carter contends that Plaintiff testified at his deposition that the copies of the photographs used therein accurately reflected his condition at the time the photographs were taken. Thus, per Defendants, despite the photographs being of apparent low quality, they present an accurate representation of Plaintiff's condition.

On June 3, 2013, Plaintiff filed a response to Warden's Carter's response to the Court's order. (Doc. 121.) Plaintiff argues that ASP should have maintained and preserved the original photographs or the electronic versions. Plaintiff argues that the failure to maintain clear copies of the photographs reflects bad faith. Plaintiff also contends that the failure to provide the 2009 incident reports is spoliation of evidence because Plaintiff's lawsuit was filed in 2010. Accordingly, Plaintiff requests that the Court: 1) prohibit Defendant from submitting the photographs as evidence of a lack of injury to Plaintiff, 2) allow Plaintiff to put on evidence regarding the failure to preserve photographs reflecting Plaintiff's injuries, and 3) instruct the jury that it should draw an inference that properly preserved photographs would have reflected injuries sustained by Plaintiff as a result of the October 27, 2009 beating.

"Spoliation is the intentional destruction, mutilation, alteration, or concealment of evidence." *Optowave Co., Ltd. v. Nikitin*, 2006 WL 3231422, at *7 (M.D. Fla. Nov. 7,

2

2006) (quoting Black's Law Dictionary 1437 (8th ed. 2004)) (internal quotations omitted). "Generally, spoliation is established when the party seeking sanctions proves (1) that the missing evidence existed at one time; (2) that the alleged spoliator had a duty to preserve the evidence; and (3) that the evidence was crucial to the movant being able to prove its prima facie case or defense." *Floeter v. City of Orlando*, 2007 WL 486633, at *5 (M.D. Fla. Feb. 9, 2007) (citing *Optowave Co.*, 2006 WL 3231422, at *8). If spoliation is established, a court may impose any of the following sanctions: (1) dismissal of the case; (2) exclusion of expert testimony; or (3) a jury instruction on spoliation of evidence which raises a presumption against the spoliator. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 945 (11th Cir. 2005) (additional citations omitted). "To justify even the mild sanction of an adverse inference, though, the Court must find bad faith." *Victor v. Makita U.S.A., Inc.*, 2007 WL 3334260, at *2 (M.D. Fla. Nov. 9, 2007) (citing *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir.1997) ("In this circuit, an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith.")

After reviewing the Parties' responses to the Court's May 9, 2013 Order, the Court finds that spoliation sanctions are not warranted. Though Plaintiff has presented a compelling case demonstrating apparent negligence on the part of ASP for failure to print out high quality pictures and/or preserve the digital copies, negligence, even gross negligence, does not amount to bad faith. *Commercial Long Trading Corp. v. Scottsdale Ins. Co.*, 2013 WL 1100063, at *3 (S.D. Fla. Mar. 15, 2013) ("Given this circuit's requirement that an adverse inference flowing from spoliation requires the presence of bad faith, even grossly negligent conduct would not justify that type of jury instruction when it is not accompanied by bad faith.") (citations omitted). The record reflects that ASP did print out the photographs taken of Plaintiff, albeit poor quality

versions. However, there is no evidence that ASP set out to produce a poor quality photograph for the express purpose of prejudicing Plaintiff's ability to show actual evidence of his injuries. This finding is further bolstered by the fact that when presented with the copy of the photograph at his deposition, Plaintiff confirmed that the photographs accurately reflected his physical condition the day they were taken, and appeared to have no concerns about the quality of the photographs as they would relate to his ability to prosecute his case. (*See* Doc. 40-2 at 52:22-53:2.)

Accordingly, the Court denies Plaintiff's request to prohibit Defendant from introducing the photographs into evidence or give an adverse-inference jury instruction. Plaintiff may, however, inquire into the steps taken by ASP to investigate the October 27, 2009 incident, including, but not limited to, ASP's failure to produce higher quality photographs and retain incident reports.

**SO ORDERED**, this   7th   day of June, 2013.

/s/   W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**